SAMUEL LIVINGSTON, appellant, v. CHARLES KETTELLE, School Commissioner, &c. appellee.

## *Appeal from Peoria.*

A certificate of acknowledgment of a mortgage deed was in the following words, to wit: "State of Illinois, Peoria county. Personally appeared before the undersigned, an acting justice of the peace, the above named mortgagor, who is personally known to me as the identical person who executed said mortgage, and who acknowledged the same as his free act and deed for purposes therein expressed. A. M. Hunt, J. P. [Seal.]:" *Held,* a substantial compliance with the provisions of the statute.

The Circuit Court may, as a matter of convenience, take notice of the fact who are justices of the peace, for the county in which it is held, without strict proof of their official character.

SCIRE FACIAS to foreclose a mortgage, in the Peoria Circuit Court, before Hon. John D. Caton, May term 1844. The Opinion of the Court exhibits the state of the facts, and pleadings in the case.

*C. Ballance,* for the appellant:

The law requires, that before the officer shall take the acknowledgment of a deed, " the person offering to make such acknowledgment shall be personally known to him to be the real person who, and in whose name such acknowledgment is proposed to be made," &c.; and the officer "shall in his certificate thereof state that such person was personally known

---

*A petition for a re-hearing was filed by the appellant, which was denied.

to him *to be* the person whose name is subscribed to such deed or writing as having executed the same." R. L. 132; Gale's Stat. 150.

The certificate of the magistrate, in this case, is defective, because it does not appear of what county or State said Hunt was a justice of the peace. It is true, that the words, "State of Illinois, Peoria County", are in the margin of the acknowledgment of the mortgage, but he does not say that he is a justice of "said county."

The certificate that the mortgagor is known to the justice *as* the identical person, &c., not known *to be*, &c., is insufficient. An imposter might be palmed on society as Col. Pluck, and after the imposture was detected, a justice might well certify that he had known him *as* Col. Pluck, but not that he knew him *to be* Col. Pluck. The same objection is applicable to another portion of the certificate.

Again, the certificate states that the deed was acknowledged, not for *the* purposes therein expressed, but for *purposes*, to wit, some of the purposes.

Finally, said mortgagor is said to be known to the justice as the person who executed said mortgage and acknowledged the same. He may be the person who did this, and at the same time, not the person "whose *name* is subscribed to it as having executed it."

This proceeding is upon a statute made in derogation of the common law, and the statute must be strictly construed and pursued. If the acknowledgment is defective, it follows that the recorder had no right to record the deed. If it is not "duly executed and recorded," there is, in contemplation of law, no such record as is set forth in the *scire facias*.

*O. Peters*, for the appellee.

The Opinion of the Court was delivered by

TREAT, J.* This was a proceeding by *scire facias* to foreclose a mortgage. The defendant pleaded *nul tiel record*.

---

\* LOCKWOOD, J. did not hear the argument in the case, and gave no opinion.

On the trial before the Court, the plaintiff offered to read in evidence a mortgage corresponding with the one set out in the *scire facias,* to which was annexed a certificate of acknowledgment in these words: "State of Illinois, Peoria County. Personally appeared before the undersigned, an acting justice of the peace, the above named mortgagor, who is personally known to me as the identical person, who executed said mortgage, and who acknowledged the same as his free act and deed for purposes therein expressed.    A. M. Hunt, J. P. [Seal.]"    The mortgage appeared to have been recorded. The defendant objected to the introduction of the mortgage, because the certificate of acknowledgment was defective, but the Court allowed it to be read in evidence, and rendered judgment for the plaintiff.    The defendant prosecutes an appeal, and assigns for error the decision of the Court in permitting the mortgage to be read.

The eleventh section of the "*Act concerning conveyance of real property,*" (R. L. 132; Gale's Stat. 150;) forbids any officer from taking the acknowledgment of any person to a deed or instrument of writing, "unless the person offering to make such acknowledgment shall be personally known to him to be the real person who and in whose name, such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness," and requires that the officer taking the acknowledgment "shall in his certificate thereof, state that such person was personally known to him to be the person whose name is subscribed to such deed or writing, as having executed the same, or that he was proved to be such by a credible witness."    The same Act authorizes deeds thus acknowledged, to be recorded.

The eighteenth section of the "*Act concerning judgments and executions*" (R. L. 376; Gale's Stat. 393;) authorizes the foreclosure, by *scire facias,* of mortgages, which are duly executed and recorded."

The only point, then, for our decision, is whether the certificate of the acknowledgment of the mortgage was in compliance with the statute before referred to.    It was said by this Court, in case of *McConnell* v. *Reed,* 2 Scam. 371, that

"the evident object of the legislature, in these directions in relation to the acknowledgment of deeds, is to prevent one individual from personating another." That object, we think, has been fully accomplished in the present case. The certificate states, that the "above named mortgagor" personally appeared before the justice, and that he was personally known to him as the identical person who executed the mortgage. This is equivalent to the statement, that the individual was personally known to the justice to be the person whose name was subscribed to the mortgage. The term, "the above named mortgagor," must be understood to mean the real party who was to execute the mortgage. We regard the certificate as a substantial compliance with the provisions of the statute.

It is insisted, however, that the certificate is defective, in not showing that the person making it was a justice of the peace of Peoria county. The certificate purports on its face to have been made in Peoria county, and by a justice of the peace. The presumption from it is, that A. M. Hunt was a justice of the peace of that county, and acting in the line of his duty. Independent of this, the Circuit Court may, as a matter of convenience, take notice of the fact who are justices of the peace, for the county in which it is held, without strict proof of their official character. *Shattuck* v. *The People*, 4 Scam. 477.

The judgment of the Circuit Court is therefore affirmed with costs.

*Judgment affirmed.*